| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | MIRANDA KANE (CABN 150630)<br>Chief, Criminal Division |
| 4 | DEREK OWENS (CABN 230237)<br>Assistant United States Attorneys |
| 5 | |
| 6 | 450 Golden Gate Ave., Box 36055<br>San Francisco, California 94102<br>Telephone: (415) 436-7200 |
| 7 | Fax: (415) 436-6488<br>E-Mail: derek.owens@usdoj.gov |
| 8 | |
| 9 | Attorneys for the United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 10-0863 JSW |
| Plaintiff, | ) ) | |
| v. | ) ) | STIPULATION AND [PROPOSED]<br>ORDER EXCLUDING TIME FROM<br>FEBRUARY 17, 2011 THROUGH |
| STEVEN CHARLES MOLINA, | ) ) | MARCH 17, 2011 |
| Defendant. | ) ) ) | |

On February 17, 2011, the parties in this case appeared before the Court for a status hearing. At that appearance, the parties stipulated, and the Court found, that time should be excluded from the Speedy Trial Act calculations from February 27, 2011 through March 17, 2011, for effective preparation of defense counsel. The parties represented that granting the continuance was the reasonable time necessary for effective preparation of defense counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The parties also agreed that the ends of justice served by granting such a continuance outweighed the best

//

STIP. AND ORDER
CR 10-0863 JSW

interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

SO STIPULATED:

MELINDA HAAG
United States Attorney

DATED: 3/1/2010          /s/ Derek Owens

DEREK OWENS
Assistant United States Attorney

DATED: 3/1/2010          /s/ Steven Kalar

STEVEN KALAR
Attorney for the defendant

As the Court found on February 27, 2011, and for the reasons stated above, the Court finds that an exclusion of time between February 27, 2011 through March 17, 2011, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. §3161(h)(7)(A). The failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. §3161(h)(7)(B)(iv).

SO ORDERED.

DATED: March 1, 2011

THE HON. JEFFREY S. WHITE
United States District Court Judge

STIP. AND ORDER
CR 10-0863 JSW                         2